LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HENRY FRANKLIN and KENDY CRAWFORD,
*on behalf of themselves,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiffs,

v.

DUTCH EXPRESS LLC
    d/b/a as Dutch Express,
MARCUS HOED, ARIELLA AZOGUI,
and AVIV SISO,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs, HENRY FRANKLIN and KENDY CRAWFORD (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against DUTCH EXPRESS LLC, d/b/a DUTCH EXPRESS (the "Corporate Defendant") and MARCUS HOED, ARIELLA AZOGUI, and AVIV SISO (the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, HENRY FRANKLIN, for all relevant time periods, was a resident of Staten Island County, New York.

6. Plaintiff, KENDY CRAWFORD, for all relevant time periods, was a resident of Bronx County, New York.

7. DUTCH EXPRESS LLC, d/b/a DUTCH EXPRESS, is a foreign limited liability company organized under the laws of the State of Delaware with an address for service of process at 2 Rector Street, Suite 307, New York, NY 10006, and principal place of business located at 13 West 38th Street, New York, NY 10018.

8. Individual Defendants

   (a) MARCUS HOED is a principal and owner of the Corporate Defendant. Defendant MARCUS HOED exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant MARCUS HOED exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant MARCUS HOED directly regarding any of the terms of their employment, and Defendant MARCUS HOED would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

   (b) Individual Defendant, ARIELLA AZOGUI is a principal and owner of the Corporate Defendant. Defendant ARIELLA AZOGUI exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant ARIELLA AZOGUI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant ARIELLA

3

AZOGUI directly regarding any of the terms of their employment, and Defendant ARIELLA AZOGUI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

(c) Individual Defendant, AVIV SISO is a principal of the Corporate Defendants. Defendant AVIV SISO exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant AVIV SISO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to Defendant AVIV SISO directly regarding any of the terms of their employment, and Defendant AVIV SISO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to delivery persons, drivers, and packers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) compensation for all regular and overtime hours worked due to a policy of time shaving.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to delivery persons, drivers, and packers), employed by Defendants on or after the

5

date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Furthermore, the Class includes a subclass of Class Members who were paid below the prevailing minimum wage when Defendant's claimed a tip credit ("Tip Credit Subclass") in January 2019, who also number more than forty (40).

17.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) time-shaving. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class

member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Furthermore, the Tip Credit Subclass also suffered as a result of Defendants' failure to pay them the proper minimum wage due to an invalid tip credit allowance taken by Defendants. Plaintiff HENRY FRANKLIN and the Tip Credit Subclass members suffered from Defendants' failure to pay the state minimum wage and their proper overtime due to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL, including Defendants' (i) failure to provide evidence that the employee received in tips at least the amount of the allowance claimed, and (ii) failure to provide valid notice of the allowance claimed.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants provided proper notice informing Tip Credit Subclass members of the tip allowance claimed for each payment period;

e) Whether Defendants provided evidence that the Tip Credit Subclass received tips exceeding the amount of the allowance claimed;

f) Whether Defendants established the tip payment structure for the Tip Credit Subclass without the agreement or consent of the members;

g) Whether Defendants provided Tipped Subclass members proper notice for their claimed tip credit;

h) Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the New York Labor Law;

i) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

j) Whether Defendants paid Plaintiff and Tip Credit Subclass members the minimum wage for all hours worked;

k) Whether Defendants properly compensated Plaintiff and Class members overtime premiums for all hours worked in excess of forty (40) under state and federal law; and

l) Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours during which they were scheduled to work, rather than for the actual hours that they worked.

## STATEMENT OF FACTS

23. Plaintiff HENRY FRANKLIN

    (a) In or around September 2018, Plaintiff HENRY FRANKLIN was hired by Defendants as a delivery person for Defendants' "DUTCH EXPRESS", located at 13 West 38th Street, New York, NY 10018.

    (b) Throughout his employment by Defendants, Plaintiff HENRY FRANKLIN was scheduled to work five (5) days a week for approximately thirty nine (39) hours per week. Starting in or around September 2018, Plaintiff HENRY FRANKLIN's hourly wage was thirteen ($13.00) dollars per hour. From January 1, 2019 Plaintiff HENRY FRANKLIN's hourly wage was fifteen ($15.00) dollars per hour. From January 7, 2019 Plaintiff HENRY FRANKLIN's received a wage notice indicating that Plaintiff's hourly wage was reduced to eleven dollars and thirty five cents ($11.35) as Defendants started claiming a tip credit allowance of three dollars and sixty five cents ($3.65). Similarly, the Tip Credit Subclass Members had their wages reduced as a result of Defendants claiming a tip credit allowance.

24. Plaintiff KENDY CRAWFORD

    (a) In or about August 2017, Plaintiff KENDY CRAWFORD was hired by Defendants as a delivery person for Defendants' "DUTCH EXPRESS", located at 13 West 38th Street, New York, NY 10018.

(b) Starting in or around August 2017, Plaintiff KENDY CRAWFORD's hourly wage was twelve ($12.00) dollars per hour. From January 1, 2018 Plaintiff KENDY CRAWFORD's hourly wage was thirteen ($13.00) dollars per hour.

(c) In or about August 2017 to May 2018, Plaintiff KENDY CRAWFORD was scheduled to work from 8:00 a.m. to 4:00 p.m. for five (5) days a week, for a total of forty (40) scheduled hours a week.

25. Throughout employment, Defendants only paid Plaintiffs until the last package to be delivered was scanned. After scanning the final package, Plaintiffs had to deliver the package, and then spend approximately ninety (90) minutes travelling back to return the delivery equipment (consisting of hand trucks, book bags, etc.) and were not compensated for the time spent doing so. Similarly, FLSA Collective Plaintiffs and Class Members suffered as a result of Defendants' time shaving and were not compensated for at least 7.5 hours that they worked each week, resulting in unpaid wages and overtime.

26. At least 3 times per week, Plaintiffs would arrive at work, but the truck would not have enough packages on it to warrant delivering, so Plaintiffs and other employees would have to wait and do other tasks, unpaid, for 2 hours until the next truck arrived. Similarly FLSA Collective Plaintiffs and Class Members suffered as a result of Defendants' time shaving and were not compensated for at least six hours of work each week.

27. As a result of Defendants actions, Plaintiffs, FLSA Collective Plaintiffs and Class Members were subject to time shaving of approximately 13.5 hours of work a week from Defendants.

28. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage statements as required by NYLL. At all relevant times

11

Plaintiffs and Class members received fraudulent wage statements that reflected only their scheduled hours, and not the actual hours worked.

29. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs, FLSA Collective Plaintiffs and Class members for all overtime hours worked.

30. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

31. Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) failed to accurately track daily tips earned or maintain records thereof, and (ii) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period or the hourly amount of tip credit claimed, in violation of the NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage, and the proper overtime premium thereof, to the Tipped Subclass members due to an invalid tip credit allowance.

33. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the New York Labor Law.

34. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

35. Plaintiffs reallege and reavers Paragraphs 1 through 34 of this Class and Collective Action Complaint as if fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

39. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

40. At all relevant times, the Defendants engaged in time-shaving, refusing to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours that they worked each week.

41. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid overtime wages, and an equal amount as liquidated damages.

45. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

46. Plaintiffs reallege and reaver Paragraphs 1 through 45 of this Class and Collective Action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours each workweek.

49. At all relevant times, the Defendants engaged in time-shaving, refusing to compensate Plaintiffs and Class Members for all hours that they worked each week.

50. Defendants willfully violated Tipped Subclass members' rights by failing to pay them minimum wages and overtime for the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

51. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the New York Labor Law.

52. Defendants failed to provide proper wage statements with correct payment as required by New York Lab. Law § 195(3).

53. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid wages resulting from time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

   d. An award of unpaid minimum wages due under the New York Labor Law as a result of an invalid tip credit allowance;

   e. An award of unpaid compensation due to Defendants' policy of time-shaving;

   f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

   g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

   h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, and compensation for all hours of work, pursuant to the New York Labor Law;

   i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

   j. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

   k. Designation of this action as a class action pursuant to F.R.C.P. 23;

   l. Designation of Plaintiffs as Representatives of Class; and

   m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 15, 2019

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
      C.K. Lee (CL 4086)